# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 17-cv-5175 |
| v. ) ) | **COMPLAINT** |
| R. SISKIND & COMPANY, INC. d/b/a SISKIND GROUP, ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct an unlawful employment action based on sex, and to provide appropriate relief to Fatoumata Diallo ("Diallo"). As alleged with greater particularity below, Defendant R. Siskind & Company, Inc. ("Defendant") discharged Diallo because of her pregnancy, childbirth, and related medical conditions.
.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation, doing business in State of New York and the County of New York, and employing at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce as defined by Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this lawsuit, Diallo filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

7. On March 31, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 7, 2017, the Commission issued to Defendant a Notice of Conciliation Failure.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least in or around August 2014, Defendant violated Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a), by discharging Diallo because of her pregnancy, childbirth, and/or related medical conditions. Specifically:

   a. Diallo was employed by Defendant in its New York office since 2013, and her job performance was more than satisfactory.

   b. In July 2014, Diallo gave birth and experienced related medical conditions, including the effects of delivery by cesarean section.

   c. Within days of Diallo's childbirth and of learning about Diallo's related medical conditions, Defendant made plans to replace her and assigned her primary job responsibilities to a less-qualified man in the New York office, but did not inform Diallo.

   d. When Diallo sought to return to work, rather than permit her to return to work, Defendant told her that her department had been moved to New Jersey and discharged her.

13. Each of the unlawful employment practices complained of above was intentional.

14. Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to Diallo's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in practices which discriminate on the basis of sex.

      B.      Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, to institute and carry out policies, practices, and programs which provide equal opportunities regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make Diallo whole, by providing appropriate back pay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful practices, including but not limited to reinstatement of Diallo, or front pay in the alternative.

      D.      Order Defendant to make Diallo whole, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 12 above, in an amount to be determined at trial.

      E.      Order Defendant to make Diallo whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

      F.      Order Defendant to pay Diallo punitive damages for its malicious and/or reckless conduct described in paragraphs 12–14 above, in an amount to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 10, 2017
      New York, New York

                                 JAMES L. LEE
                                 Deputy General Counsel

                                 GWENDOLYN YOUNG REAMS
                                 Associate General Counsel

                                 U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION
                                 131 M Street, N.E.
                                 Washington, D.C. 20507


                                 JEFFREY BURSTEIN
                                 Regional Attorney

                                 JUSTIN MULAIRE
                                 Supervisory Trial Attorney

                                 s/Amos B. Blackman
                                 AMOS B. BLACKMAN
                                 Trial Attorney

                                 U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION
                                 New York District Office
                                 33 Whitehall Street, 5th Floor
                                 New York, N.Y. 10004-2112
                                 (212) 336-3706 (telephone)
                                 (212) 336-3623 (fax)
                                 amos.blackman@eeoc.gov